UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK,

Petitioners,

-against-

ELITE MAGIC ENTERPRISE LLC,

Respondent.

26-CV-4078 (AS)

ORDER AND JUDGMENT

ARUN SUBRAMANIAN, United States District Judge:

On May 15, 2026, petitioners filed a petition to confirm an arbitration award. Dkt. 1. On May 19, 2026, the Court set a briefing schedule for petitioners' submission of any additional materials in support of the petition, respondent's opposition, and petitioners' reply. Dkt. 7. Petitioners served respondent with the petition, supporting materials, and the briefing schedule. Dkts. 8, 9. Pursuant to the briefing schedule, respondent's opposition was due no later than June 30, 2026. Dkt. 7. To date, respondent has neither responded to the petition nor otherwise sought relief from the April 13, 2026 award, Dkt. 1-11.

The Court must treat the petition, even though unopposed, "as akin to a motion for summary judgment based on the movant's submissions." *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Constr. Corp.*, 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013) (discussing in depth the legal standards for resolving unopposed petitions to confirm arbitration awards). After reviewing the petition and the supporting materials, the Court finds that there is no genuine issue of material fact precluding summary judgment as to all portions of the award, as the arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id.* at *3 (internal quotation marks omitted). Nor is there any justification under Section 10(a) of the Federal Arbitration Act for vacating the award.

The Court also awards petitioners' requested attorney's fees and costs. *See Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) ("[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." (internal quotation marks omitted)). Here, petitioners have met their burden of proving the reasonableness and necessity of hours spent, rates

charged, and litigation costs incurred.

Finally, the Court grants petitioners' request for post-judgment interest in accordance with 28 U.S.C. § 1961(a). Awards of post-judgment interest under § 1961 are mandatory, *see Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013), and apply to actions to confirm arbitration awards, *see Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004). The Court therefore awards interest to accrue at the statutory rate from the date judgment is entered until payment is made.

Accordingly, IT IS ORDERED AND ADJUDGED that the petition and motion are granted, the April 14, 2026 arbitration award is confirmed, and judgment is entered in favor of petitioners and against respondent as follows:

1. Confirming the April 14, 2026 award in all respects;

2. Awarding petitioners $90,763.82, plus interest from April 14, 2026, the date of the award, at an annual rate of 9.5% totaling $2,126.11 pursuant to the award;

3. Awarding petitioners $4,502 in attorneys' fees and $164.67 in costs arising out of this proceeding; and

4. Awarding petitioners post-judgment interest at the federal statutory rate.

SO ORDERED.

Dated: July 13, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge